Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | Case No.: 2:24-CR-40-TOR |
|---|---|
| Plaintiff, | INFORMATION |
| v. | Vio: 18 U.S.C. § 656 |
| JESSICA ANN MARSHALL, | Theft and Embezzlement by Bank Employee |
| Defendant. | 18 U.S.C. § 982 Forfeiture Allegations |

The United States Attorney charges:

<u>General Allegations</u>

1. Between June 5, 2023 and September 19, 2023, Defendant JESSICA ANN MARSHALL was employed by the Bank of Idaho as the Branch Manager of Bank of Idaho's downtown Spokane, Washington branch located at 818 W Riverside Avenue, Suite 120, Spokane, Washington 99201, in the Eastern District of Washington.

2. Bank of Idaho is an Idaho state charter bank whose deposits are insured by the Federal Deposit Insurance Commission (FDIC).

INFORMATION

3. As Branch Manager, between June 5, 2023 and September 19, 2023, Defendant had access to keys to the bank vault and the ATM for the branch, as well as access to the branch's electronic systems and accounts.

<u>Defendants Theft and Embezzlement of Bank of Idaho Funds</u>

4. Between June 5, 2023 and September 19, 2023, Defendant JESSICA ANN MARSHALL used her position as Branch Manager to embezzle and willfully misapply funds belonging to and entrusted to the care and custody of Bank of Idaho.

5. Defendant took cash from the bank vault and ATM, as well as smaller amounts from her cash drawer. Defendant then falsified documentation, including count sheets to reconcile the cash, in order to hide her theft and embezzlement, and directed bank employees to sign the falsified count sheets.

6. Defendant also used her position as Branch Manager to make fraudulent deposit transactions into her spouse's account. These fraudulent transactions reflected that money was being deposited into the account; however, in reality no funds were deposited.

7. When Bank of Idaho inquired into these transactions, Defendant accessed the computer of a co-worker and sent an email with false information that appeared to be from a co-worker, in an attempt to conceal her conduct. Defendant also accessed the computer of another co-worker to delete an email from Bank of Idaho inquiring about these transactions, in a further attempt to conceal her conduct.

8. Between June 2023 and September 2023, Defendant stole and embezzled at least $345,664.66 in the manner described above.

COUNT

9. The allegations set forth above in paragraphs 1 through 8 are realleged and incorporated as if fully set forth herein.

10. Between June 5, 2023 and September 19, 2023, in the Eastern District of Washington, Defendant being an employee of Bank of Idaho, a financial institution whose deposits are insured by the FDIC, with intent to injure and defraud

INFORMATION

Bank of Idaho, willfully misapplied, embezzled, abstracted, and purloined the sum of approximately $345,664.66 belonging to Bank of Idaho, and which was entrusted to the custody and care of Bank of Idaho.

All in violation of 18 U.S.C. § 656.

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations set forth in this Information are hereby realleged and incorporated herein by this reference for the purpose of alleging forfeitures.

Pursuant to 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 656, as set forth in the Information, the Defendant, JESSICA ANN MARSHALL, shall forfeit to the United States any property constituting, or derived from proceeds she obtained directly or indirectly, as the result of such violation. The property to be forfeited includes, but is not limited to, the following:

<u>MONEY JUDGMENT</u>

A sum of money in United States currency, representing the amount of proceeds obtained by the Defendant as a result of the embezzlement violation.

If any of the property described above, as a result of any act or omission of the Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

//
//

INFORMATION

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b).

Dated this 6th day of March, 2024.

Vanessa R. Waldref
United States Attorney

*[signature]*

Dan Fruchter
Assistant United States Attorney

INFORMATION