FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAR 2 1 2024

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Plaintiff, | Case No.: 2:24-CR-00040-TOR |
| v. | | **PLEA AGREEMENT** |
| JESSICA ANN MARSHALL, | | |
| | Defendant. | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Dan Fruchter, Assistant United States Attorney, and Defendant, JESSICA ANN MARSHALL ("Defendant") and the Defendant's counsel, Ryan Farrell, agree to the following Plea Agreement:

1.    <u>Waiver of Indictment</u>**:**

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States in an Information.

2.    <u>Guilty Plea and Maximum Statutory Penalties:</u>

Defendant agrees to plead guilty to the Information filed in the Eastern District of Washington, charging the Defendant with one count of Theft and Embezzlement by

Bank Employee, in violation of 18 U.S.C. § 656.  Defendant understands that

violation of 18 U.S.C. § 656 is a Class B Felony that carries the following penalties:

  (a)    not more than thirty years imprisonment;

  (b)    not more than a five-year term of supervised release;

  (c)    a fine not to exceed $1,000,000;

  (d)    restitution; and

  (e)    a $100 special penalty assessment.

3.    <u>Supervised Release</u>

Defendant understands if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, up to three years in prison because the offense is a Class B felony.

4.    <u>The Court is Not a Party to the Agreement</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

  a.  sentencing is a matter solely within the discretion of the Court;

  b.  the Court is under no obligation to accept any recommendations made by the United States or Defendant;

  c.  the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

  d.  the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

U.S. v. Marshall - Plea Agreement – Page 2 of 16

e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

5. <u>Potential Immigration Consequences of Guilty Plea</u>

If Defendant is not a citizen of the United States, Defendant understands the following:

a. pleading guilty in this case may have immigration consequences;

b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

d. no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

6. <u>Waiver of Constitutional Rights</u>

Defendant understands that, by entering these pleas of guilty, Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

a) the right to a jury trial;

b) the right to see, hear and question the witnesses;

c) the right to remain silent at trial;

d) the right to testify at trial; and

U.S. v. Marshall - Plea Agreement – Page 3 of 16

e)       the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney. Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7.      Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Theft and Embezzlement by Bank Employee, in violation of 18 U.S.C. § 656, the United States would have to prove beyond a reasonable doubt the following elements:

First:        That, between June 5, 2023 and September 19, 2023, in the Eastern District of Washington, Defendant JESSICA ANN MARSHALL was an employee of Bank of Idaho;

Second:     That Bank of Idaho was a bank whose deposits are insured by the Federal Deposit Insurance Corporation;

Third:       That Defendant JESSICA ANN MARSHALL embezzled or willfully misapplied moneys, funds, and assets belonging to or entrusted to the custody and care of Bank of Idaho;

Fourth:     That Defendant JESSICA ANN MARSHALL did so with the intent to defraud the bank; and

Fifth:       That the amount embezzled or misapplied was more than $1,000.00.

8.      Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for

sentencing purposes, additional facts that are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

Between June 5, 2023 and September 19, 2023, Defendant JESSICA ANN MARSHALL was employed by the Bank of Idaho as the Branch Manager of Bank of Idaho's downtown Spokane, Washington branch located at 818 W Riverside Avenue, Suite 120, Spokane, Washington 99201, in the Eastern District of Washington. As Branch Manager, between June 5, 2023 and September 19, 2023, Defendant had access to keys to the bank vault and the ATM for the branch, as well as access to the branch's electronic systems and accounts. Bank of Idaho is an Idaho state charter bank whose deposits are insured by the Federal Deposit Insurance Commission (FDIC).

Between June 5, 2023 and September 19, 2023, Defendant JESSICA ANN MARSHALL used her position as Branch Manager to embezzle and willfully misapply funds belonging to and entrusted to the care and custody of Bank of Idaho. Defendant took cash from the bank vault and ATM, as well as smaller amounts from her cash drawer. Defendant then falsified documentation, including count sheets to reconcile the cash, in order to hide her theft and embezzlement, and directed bank employees to sign the falsified count sheets. Defendant also used her position as Branch Manager to make fraudulent deposit transactions into her spouse's account. These fraudulent transactions reflected that money was being deposited into the account; however, in reality no funds were deposited. When Bank of Idaho inquired into these transactions, Defendant accessed the computer of a co-worker and sent an email with false information that appeared to be from a co-worker, in an attempt to conceal her conduct. Defendant also accessed the computer of another co-worker to delete an email from Bank of Idaho inquiring about these transactions, in a further attempt to conceal her conduct.

Between June 2023 and September 2023, Defendant stole and embezzled at least $345,664.66 in the manner described above.

U.S. v. Marshall - Plea Agreement – Page 5 of 16

Defendant admits that between June 5, 2023 and September 19, 2023, while employed as a Branch Manager in the Eastern District of Washington by Bank of Idaho, an FDIC-insured bank, she willfully stole, embezzled, and misapplied at least $345,664.66 belonging to and in the care and custody of Bank of Idaho, and that she did so with the intent to defraud Bank of Idaho.

9.    The United States Agrees

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Information pending in the Eastern District of Washington, unless Defendant breaches this Plea Agreement before sentencing and/or withdraws in any way from this Plea Agreement.

10.    United States Sentencing Guideline Calculations

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter USSG) are applicable to this case, and that the Court will determine Defendant's applicable, advisory sentencing guideline range at sentencing. The United States and the Defendant acknowledge that the Court is not bound by the parties' recommendation concerning the base offense level or the recommended guideline adjustments.

(a)    Base Offense Level and Guideline Adjustments:

The United States and Defendant agree and stipulate that the base offense level for violation of 18 U.S.C. § 656 is 7.  U.S.S.G. §2B1.1(a)(1).

The United States and Defendant further agree that this amount should be increased by 12 levels because the amount of loss exceeded $250,000, pursuant to U.S.S.G. § 2B1.1(b)(1)(G).

The United States contends that this amount should be increased by an additional 2 levels because Defendant abused a position of trust to facilitate

commission of the offense.  U.S.S.G. § 3B1.3.  Defendant reserves her right to oppose the application of this enhancement.

Other than a possible 2-level reduction for Defendant being a zero-point offender, which is discussed below, the parties are not aware of any other enhancement or adjustments that apply; however, the United States and Defendant reserve their rights to each argue for or against any other adjustments and/or enhancements under the USSG noted in the Presentence Investigation Report.

(b)    Acceptance of Responsibility:

The United States will recommend that Defendant receive a three-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a-b), if Defendant does the following:

i.   accepts this Plea Agreement;

ii.  enters a plea of guilty to the Information on or before March 31, 2024;

iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct:

iv.  provides complete and accurate information during the sentencing process; and

v.   does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

(c)    Criminal History

The Parties make no agreement on Defendant's criminal history category, which shall be determined by the Court after the Presentence Investigation Report is completed.  However, to the extent that the Court determines that the Defendant has

U.S. v. Marshall - Plea Agreement – Page 7 of 16

no criminal history points, the Parties agree that Defendant would qualify for an additional 2-point reduction in total offense level.  U.S.S.G. § 4C1.1.

11.    Departure

Defendant is free to move for a departure and/or variance under the USSG and/or 18 U.S.C. § 3553.   The United States reserves the right to oppose any such departure or variance.

12.    Incarceration

The United States agrees to recommend a sentence of incarceration at or below the low end of the advisory guideline range as determined by the Court.  Defendant may recommend any legal sentence.

13.    Criminal Fine

The United States agrees to recommend no additional criminal fine in this matter.

14.    Mandatory Special Penalty Assessment

Defendant agrees to pay the $100 special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

15.    Restitution

The parties agree restitution is required pursuant to 18 U.S.C. §§ 3663(a), 3663A, and 3664. Further, pursuant to 18 U.S.C. § 3663(a)(3), the Defendant voluntarily agrees to pay the agreed upon restitution amount in exchange for the United States not bringing additional potential charges, regardless of whether counts of the Indictment dealing with such losses will be dismissed as part of this Plea Agreement. With respect to restitution, the parties agree to the following:

(a)    Restitution Amount and Interest:

The parties agree that the Court should order Defendant to pay restitution in the amount of $345,664.66 to Bank of Idaho.  This amount represents Bank of Idaho's loss as a result of Defendant's conduct.  The parties agree that Defendant's payment

of $345,664.66 will fully satisfy her restitution obligation. The interest on this restitution amount should be waived.

      (b)    <u>Payments</u>

    The parties agree the Court will set a restitution payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). That being said, Defendant agrees to pay not less than 10% of Defendant's net future monthly income toward her restitution obligation.

      (c)    <u>Treasury Offset Program and Collection</u>

    Defendant understands the Treasury Offset Program (TOP) collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

    Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

      (d)    <u>Obligations, Authorizations, and Notifications</u>

    The Defendant agrees to truthfully complete the Financial Disclosure Statement that will be provided by the earlier of 30 days from the Defendant's signature on this plea agreement or the date of the Defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office.  The parties agree that Defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute Defendant's failure to accept responsibility under U.S.S.G §3E1.1.

The Defendant expressly authorizes the United States Attorney's Office to obtain a credit report on Defendant upon the signing of this Plea Agreement. Until any fine or restitution order is paid in full, Defendant agrees to provide waivers, consents or releases requested by the United States Attorney's Office to access records to verify the financial information.

Until the restitution order is paid in full, Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. Further, until the restitution order is paid in full, pursuant to 18 U.S.C. § 3664(k), Defendant shall notify the court and the United States Attorney's Office within a reasonable period of time, but no later than 10 days, of any material change in Defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts or any other acquisition of assets or money.

Until the any fine or restitution order is paid in full, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

Pursuant to 18 U.S.C. § 3612(b)(1)(F) the Defendant understands and agrees that until a fine or restitution order is paid in full, the Defendant must notify the United States Attorney's Office of any change in the mailing address or residence address within 30 days of the change.

16.    Forfeiture

The parties agree forfeiture applies. *See* 18 U.S.C. § 982(a)(2)(A); 28 U.S.C. § 2461(c). With respect to forfeiture, the parties agree to the following:

U.S. v. Marshall - Plea Agreement – Page 10 of 16

(a)     Forfeitable Property

The United States shall seek a forfeiture money judgment in this matter and will not seek to forfeit specific property, except as set forth in this Plea Agreement or authorized by law. The United States will not seek to forfeit proceeds in an amount exceeding what Defendant actually obtained as a result of the crime. *See Honeycutt v. U.S.*, 137 S. Ct. 1626 (2017).

(b)     Money Judgment

Defendant agrees to forfeit to the United States all right, title, and interest in the following property: a $345,664.66 money judgment, which represents the amount of proceeds Defendant obtained as a result of her illegal conduct.

(c)     Substitute Property

Defendant understands the United States may seek for Defendant to forfeit substitute property in satisfaction of the money judgment if the United States can establish the following regarding the above-described property (*i.e.*, the money judgment): a) it cannot be located upon the exercise of due diligence; b) it has been transferred or sold to, or deposited with, a third party; c) it has been placed beyond the Court's jurisdiction; d) it has substantially diminished in value; e) it has been commingled with other property and cannot be divided without difficulty. *See* 18 U.S.C. § 982(b)(1); 21 U.S.C. § 853(p).

(d)     Application of Forfeited Property to Restitution

Defendant understands the United States will seek restitution for the victim(s) in this case independent of this money judgment.  It is the parties' mutual understanding that the United States Attorney's Office will seek approval to apply the proceeds of any forfeited assets to Defendant's restitution obligations.  Defendant recognizes the final decision to approve this application rests with the Attorney General.  *See* 18 U.S.C. § 981(d), (e); *see also* 28 C.F.R. 9 *et. seq.*

(e)    Cooperation on Forfeited Assets

Defendant agrees to cooperate with the United States in passing clear title on all forfeited assets. Defendant also agrees to assist the United States in locating any assets that 1) are the proceeds of illegal conduct (as outlined in this Plea Agreement) and 2) have not been dissipated. If such assets are located, then Defendant will stipulate to their forfeiture.

(f)    Waivers

Defendant agrees to waive oral pronouncement of forfeiture at the time of sentencing. *See* Fed. R. Crim. P. 32.2(b)(4)(B).

Defendant stipulates and agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with the Plea Agreement on any grounds, including a claim that forfeiture in this case constitutes an excessive fine or punishment.

Defendant stipulates and agrees to hold the United States, and its agents and employees, harmless from any and all claims whatsoever in connection with the investigation, the prosecution of charges, and the seizure and forfeiture of property covered by this Plea Agreement.

17.    Stipulation and Consent

Defendant agrees that she will execute a Stipulation and Consent to the Issuance of an Order of Prohibition From Further Participation and consent to the entry of an Order of Prohibition From Further Participation ("Order") against her by the: Federal Deposit Insurance Corporation. Defendant acknowledges that the Order will prohibit her from participating in the conduct of the affairs of any insured financial institution pursuant to section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(e) and the terms of the Order.

18.    Payments While Incarcerated

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, then Defendant agrees to earn the money to pay toward those

obligations by participating in Bureau of Prisons' Inmate Financial Responsibility Program.

19.    Supervised Release

The parties agree to request a term of supervised release of 3 years following any term of imprisonment imposed by the Court, with all standard conditions of supervision. The United States is also free to recommend any additional special conditions of supervision at the time of sentencing and during the period of supervised release that it deems appropriate, and Defendant is free to oppose any additional special conditions of supervision at the time of sentencing.

20.    Additional Violations of Law Can Void Plea Agreement

Defendant and the United States agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentence is imposed, Defendant is charged or convicted of any criminal offense whatsoever, or if Defendant tests positive for any controlled substance.

21.    Waiver of Appeal

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive Defendant's right to appeal Defendant's conviction and sentence.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the

conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

22.    Withdrawal or Vacatur of Defendant's Plea

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

a.    this Plea Agreement shall become null and void;

b.    the United States may prosecute Defendant on all available charges;

c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

23.    Integration Clause:

U.S. v. Marshall - Plea Agreement – Page 14 of 16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning this case's resolution.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.  The parties agree that this agreement cannot be modified except in writing that is signed by the United States and Defendant.

Approval and Signature

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____          3/21/2024
Dan Fruchter                                             Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreements with my attorney.  I understand and voluntarily enter into the Plea Agreement.  Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case.  No other promise or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead guilty because I am guilty.

_____          3/21/2024
JESSICA ANN MARSHALL                      Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement.  There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____          3/21/2024
Ryan Farrell                                            Date
Attorney for Defendant

U.S. v. Marshall - Plea Agreement – Page 16 of 16